IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 6:22-CR-176-ADA-1 |
| | § |
| PATRA SONSARAI WASHINGTON | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
      UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

### I. PROCEDURAL BACKGROUND

The defendant was originally charged in a 5-count indictment for Bank Theft, Embezzlement or Misapplication. On March 27, 2024, Patra Washington was sentenced to three years' probation on each of her five counts, to run concurrently. She began her term of probation on March 27, 2024. Patra Washington was ordered to participate in a substance abuse treatment program, mental health treatment, allow access to her financial information, not incur any new charges, pay a $500 fine, a $500 (cumulative) special assessment fee, and pay $3,300 in restitution.

On February 4, 2025, the United States Probation Office filed a Petition for Warrant or

Summons for Offender Under Supervision, and Patra Washington was subsequently seen in court for a revocation hearing on May 21, 2025. The term of probation was revoked, and Patra Washington was sentenced to time served with three (3) years of supervised release to follow on each count.

On July 1, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

**Violation Number 1:** The defendant violated standard condition number 5, which states the defendant shall live at a place approved by the probation officer.

**Violation Number 2:** The defendant violated mandatory condition number 3, which states the defendant shall refrain from any unlawful use of a controlled substance.

**Violation Number 3:** The defendant violated one of her additional conditions, which states the defendant shall participate in a mental health treatment program.

**Violation Number 4:** The defendant violated one of her additional conditions, which states, the defendant shall provide the probation officer with access to any requested financial information and authorize the release of any financial information.

**Violation Number 5:** The defendant violated mandatory condition number 7, which states if the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

**Violation Number 6:** The defendant violated mandatory condition number 8, which states the defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

**Violation Number 7:** The defendant violated standard condition number 13, in that the defendant shall follow the instructions of the probation officer related to the
conditions of supervision.

**Violation Number 8:** The defendant violated one of her additional conditions,

which states the defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program.

On September 9, 2025, the Court held a hearing on the petition. At the hearing, the United States Attorney dropped Violation Numbers 3, 4, 5, 6, and 7. At the hearing, the defendant pled TRUE as to violation numbers 1, 2, and 8. The petition contained a sufficient factual basis to support a plea of TRUE as to violation numbers 1, 2, and 8.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1. The defendant violated the conditions of her supervision as alleged in the petition.
2. The defendant was competent to make the decision to enter a plea of TRUE to the allegations underlying as to violation numbers 1, 2, and 8.
3. The defendant had both a factual and rational understanding of the proceedings against her.
4. The defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.
5. The defendant was not under the influence of any drugs, alcohol, or medication that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of her plea.
6. The defendant was sane and mentally competent to stand trial for these proceedings.
7. The defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8. The defendant received a copy of the petition naming her, and she either read it or had it read to her.

9. The defendant understood the petition and the charges alleged against her.

10. The defendant had a sufficient opportunity to discuss the petition and charges with her attorney.

11. The defendant was satisfied with the job her attorney has done and had no complaints about her attorney.

12. The defendant understood that she had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered her plea of TRUE to the allegations in violations 1 through 3 and NO CONTEST to the allegations in violation 4.

14. The defendant understood her statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the defendant's pleas of TRUE to violation numbers 1, 2, and 8.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's term of supervised release be revoked and that she be sentenced to six (6) months, with credit for time served, and with no term of supervised release to follow.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 10th day of September, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE